PROB 12A
(Revised 05/2011)

# United States District Court
for
## Middle District of Tennessee

## Report on Offender Under Supervision

Name of Offender: <u>Mark Elliot Key</u>　　　Case Number: <u>2:08-00003</u>

Name of Sentencing Judicial Officer: <u>Honorable Aleta A. Trauger, United States District Judge</u>

Date of Original Sentence: <u>January 26, 2009</u>

Original Offense: <u>18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924, Felon In Possession of Firearm</u>

Original Sentence: <u>60 months' custody and 3 years' supervised release</u>

Type of Supervision: <u>Supervised release</u>　　　Date Supervision Commenced: <u>June 4, 2013</u>

Assistant U.S. Attorney: <u>Unassigned</u>　　　Defense Attorney: <u>Sumter L. Camp</u>

---

The Court orders:

☒ No Action Necessary at this Time
☐ Submit a Request for Modifying the Condition or Term of Supervision
☐ Submit a Request for Warrant or Summons
☐ Other

Considered this __3rd__ day of __April__, 2014,
and made a part of the records in the above case.

_____
Aleta A. Trauger
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

_____
Britton Shelton
U.S. Probation Officer

Place　　　Nashville

Date　　　April 3, 2014

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |

**1.**     <u>**The defendant shall not commit another federal, state, or local crime.**</u>
On March 21, 2013, Mr. Key was arrested in Van Buren County, Tennessee, and charged with Driving Under the Influence, second offense. He was released later that day after making bond. Mr. Key met with Supervisory United States Probation Officer Britton Shelton on March 25, 2014, to discuss his arrest. He reported he was on his way back from his methadone treatment and was stopped at a road block being operated by the Tennessee Highway Patrol. When Mr. Key divulged he was on his way home from a methadone clinic he was asked to do a field sobriety test. When the probation officer asked why he would drive after taking a dose of methadone, Mr. Key reported that he "always" drives, even though he had an adult passenger in the car with him who could have been driving. He further reported that the methadone doesn't "kick in" right away and he is usually home before he might become impaired. Mr. Key's next court date in Van Buren County is May 1, 2014.

**2.**     <u>**The defendant shall not leave the judicial district without the permission of the Court or the probation officer.**</u>
On March 25, 2014, when Mr. Key was arrested, he was in Van Buren County, which is not part of the Middle District of Tennessee. When asked, during his meeting with the probation officer on March 25, he reported that he had been receiving methadone treatments from a clinic in Rossville, Georgia, for the past month and had been driving there each weekday to get his dose of methadone. He initially tried to debate that the travel was within the "region" of this judicial district, but soon admitted knowledge that he was out of the district without permission of the Court or the probation officer.

**3.**     <u>**The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.**</u>
At the time of his arrest on March 21, 2014, Mr. Key was accompanied by his girlfriend, Cynthia Addison, also known as Cynthia Denise Carr-Addison. Mr. Key acknowledged that Ms. Carr-Addison has a felony criminal record. She is currently on state parole and has multiple felony convictions. Mr. Key says the couple would like to get married and that Ms. Carr-Addison is doing good things with her life at this time. He was previously instructed to not associate with her because of the potential for trouble given their respective substance abuse and criminal histories.

### Compliance with Supervision Conditions and Prior Interventions:
Mark Key began his three year term of supervised release on June 4, 2013, and is due to terminate supervision on June 3, 2016. He lives with his mother in Livingston, Tennessee. He had been employed by Hoover Construction, but was laid-off this past winter, as the work is seasonal. He hopes to get back to work soon, but does not feel confident in that possibility. Mr. Key reports applying for other places of employment, but has had no luck thus far.

A report was submitted to the Court on October 22, 2013, regarding Mr. Key testing positive for benzodiazepine on October 15, 2013. The probation officer issued a verbal reprimand to Mr. Key for violating the conditions of his supervision, and he was re-instructed not to use any illegal substance. Mr. Key

was referred for substance abuse treatment at Plateau Mental Health in Cookeville, Tennessee, and he started treatment on October 31, 2013. The Court ordered no action on October 22, 2013.

On October 31, 2013, another report was submitted to inform the Court that Mr. Key tested positive for marijuana and benzodiazepines, for which he had no prescription. It was also discovered that Mr Key had a previously undisclosed prescription for Subutex, a medication used to treat opiate addiction. Mr. Key was verbally reprimanded and re-instructed to not use any illegal substances or medications not prescribed to him. He was warned of the possible legal and personal ramifications for such ongoing use. Your Honor ordered no action at that time in order for Mr. Key to take advantage of ongoing substance abuse treatment.

Following his recent arrest, it was suggested that Mr. Key strongly consider inpatient substance abuse treatment, which could be done at New Leaf in Cookeville, Tennessee. Mr. Key opined that he did not have the time to do inpatient treatment as he was enrolled in school and looking for work. When asked what his school schedule was, he noted he was not in classes now, but will be soon. He plans to take a placement test soon and start at Nashville State's Cookeville location.

When asked about his methadone treatment, Mr. Key agreed it would be best to return to treatment in Nashville. While it would require him to drive in each day, it would keep him within the Middle District of Tennessee. He adamantly denied getting methadone from two clinics simultaneously, noting that there are parameters in place that won't allow someone to be in treatment at two locations. He reported paying $82 per week for his methadone, which he pays for out of a trust fund. The reason he wanted to attend treatment in Georgia is because they would allow him to take home his weekend doses, as long as he had an approved lock box for the Saturday and Sunday dose. The Nashville methadone clinic requires participants to drive in each day to get the methadone.

The probation officer asked Mr. Key about his plans for the future and how long he believes it would take him to be free of any drug use, illegal or via methadone. Mr. Key reported his plan was to be free of both by the end of his term of supervised release. When the probation officer, again, suggested that inpatient treatment may assist in decreasing the amount of time before he is fully sober and free of drug use, Mr. Key declined the offer. He continues to attend outpatient treatment at Plateau Mental Health.

**U.S. Probation Officer Recommendation:**
The probation officer is requesting that no additional action be taken by the Court at this time to allow the local charge to be disposed. Any conviction on this matter will be promptly reported to the Court. It is recommended that Mr. Key remain on supervised release, participate in substance abuse treatment at Plateau Mental Health, and not incur any future violations. The United States Attorney's Office has been advised of the offender's noncompliance and is in agreement with this recommendation.

Approved: _____
Jim Perdue
Deputy Chief U.S. Probation Officer